UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MICHAEL PENNINGTON | CIVIL ACTION |
|---|---|
| VERSUS | No. 16-12799 |
| DARREL VANNOY, WARDEN. | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is a *Motion for Relief from Order Under Federal Rules of Civil Procedure Rule 60(b)(1) & (6)* (**Rec. Doc. 17**) filed by Petitioner, Michael Pennington. In the motion, Petitioner moves for relief from the Court's order (Rec. Doc. 14) adopting the Magistrate Judge's Report and Recommendation ("R&R") and dismissing with prejudice Petitioner's petition for writ of habeaus corpus under 28 U.S.C. § 2254. Petitioner argues that the Court mistakenly found that he did not file an objection to the Magistrate Judge's R&R when it adopted the same, which warrants relief under Federal Rule of Civil Procedure 60(b). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## LAW AND ANALYSIS

On February 3, 2012, Petitioner was convicted of second degree murder in Tangipahoa Parish, Louisiana. (Rec. Doc. 12 at 3.) The state trial court sentenced him to life in prison without benefit of parole, probation, or suspension of sentence. Id. at 4. After exhausting the state court remedies, Petitioner filed a timely *pro se* petition for writ of habeas corpus in this Court on July 12, 2016. (Rec. Doc. 1.) The state filed a response arguing that Petitioner's claims were meritless and that he was not entitled to federal habeas relief. (Rec. Doc. 10.) On July 20, 2017, Magistrate

Judge Wilkinson issued his R&R recommending that the federal application for habeas corpus relief be dismissed with prejudice. (Rec. Doc. 12.) Any objection to the R&R was due no later than August 3, 2017. Id. On August 10, 2017, the Court issued an order adopting the R&R and dismissing Petitioner's habeas petition with prejudice. (Rec. Doc. 14.) The Clerk's Officer electronically filed the Court's order into the docket the following day, August 11, 2017. That same day, the Court for the first time became aware of Petitioner's objections to the R&R when they were electronically filed into the docket. Petitioner claims he scanned and emailed the objections from Louisiana State Penitentiary on August 8, 2017. It appears that the Clerk's Office had received Petitioner's objections on August 8, 2017, but did not electronically file them until August 11, 2017. (Rec. Doc. 13.)

On August 22, 2017, Petitioner appealed to the United States Court of Appeals for the Fifth Circuit. (Rec. Doc. 18.) That same day, Petitioner filed the instant *Motion for Relief from Order Under Federal Rules of Civil Procedure Rule 60(b)(1) & (6)*. (Rec. Doc. 17.) On November 13, 2017, the Fifth Circuit dismissed the appeal for want of prosecution. (Rec. Doc. 20.) On January 9, 2018, the Fifth Circuit granted appellant's motion to reinstate the appeal. (Rec. Doc. 21.)

Rule 60(b) provides that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). As the moving party, Petitioner has the burden to show why the Court should vacate its prior judgment. The determination of whether Petitioner has satisfied his burden lies within this Court's sound discretion. See Rocha v. Thaler, 619 F.3d 387, 400 (5th Cir. 2010).

As an initial matter, the Court must determine whether it has jurisdiction to rule on Petitioner's Rule 60(b) motion. Generally, district courts lack the power to issue a Rule 60(b) motion after an appeal has been docketed and is pending before the Court of Appeals. See Fed. R. Civ. P. 62.1 (Advisory Committee Notes) ("After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand"). "Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion . . . it no longer has the jurisdiction to grant such a motion while the appeal is pending." Shepherd v. Int'l Paper Co., 372 F.3d 326, 329 (5th Cir. 2004). However, "[w]hen a Rule 60(b) motion is filed while an appeal is pending, [the Fifth Circuit] has expressly recognized the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal." Willow v. Cont'l Oil Co., 746 F.2d 1041, 1046 (5th Cir. 1984), on reh'g, 784 F.2d 706 (5th Cir. 1986) (emphasis added). In the event that the district court is inclined to grant the Rule 60(b) motion, "the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." Id. at 329.

Petitioner has a pending appeal to the Fifth Circuit in this case. If the Court determines that Petitioner's motion raises a substantial issue or that it intends to grant the motion, the Court

3

will instruct Petitioner to request a remand. However, if the Court finds no substantial issue exists, it will deny the motion.

Petitioner argues that the Court mistakenly found in its order that he did not file an objection to the Magistrate Judge's R&R, which warrants relief under Federal Rule of Civil Procedure 60(b). As outlined above, Petitioner is correct that the Court mistakenly found in its order dismissing his petition that he did not file an objection to the R&R. The record shows that Petitioner sent and the Clerk's Office received Petitioner's objection on August 8, 2017, two days before the Court's order on August 10, 2017. However, Petitioner is incorrect in claiming that his objection was *timely* filed. The Magistrate Judge explicitly stated in the R&R that objections were due on August 3, 2017.[1] Thus, because Petitioner did not file an objection until August 8, 2017, the objections are untimely. The Fifth Circuit has stated that "district courts need not consider late objections" to an R&R. Scott v. Alford, 94-40486, 1995 WL 450216 at *2 (5th Cir. 1995). It is within the district court's discretion whether to consider late-filed objections or not. See also Loredo v. Barnhart, 210 F. App'x. 417, 418 n.1 (5th Cir. 2006) (quoting Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988) (finding it within the district court's discretion whether to consider late-filed objections)). The Court, in its discretion, will not consider Petitioner's untimely objections and finds that Petitioner's motion raises no substantial issue.

---

[1] A party has 14 days to object to a magistrate judge's report and recommendation after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Relief from Order Under Federal Rules of Civil Procedure Rule 60(b)(1) & (6)* **(Rec. Doc. 17)** is **DENIED**.

New Orleans, Louisiana, this 23rd day of February, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE